LittletoN, Judge,
delivered the opinion of the court:
This is a suit to recover back salary which plaintiff alleges is due and owing to him because of his wrongful suspension from his Government position from January 6,1946, to May 22, 1946, because of his alleged illegal furlough from July 31,1947, to October 15,1947, and because of his alleged illegal reduction in grade on October 15, 1947, extending, to the date of his retirement on November 30, 1950.
Plaintiff, a veterans preference eligible, having classified Civil Service status, brings his claim under the provisions of the Veterans Preference Act of June 27, 1944, 5 U. S. C. 863, alleging that certain benefits conferred on him under sections 12 and 14 thereof were illegally denied him. Plaintiff also urges that one claim arises under a regulation of the Department of Commerce.
Plaintiff, whose veterans preference status arose out of his service in World War I and who had been in the classified Civil Service for many years, was in 1945 employed as an economic analyst, Grade P-6, by the Bureau of the Census, Department of Commerce, Washington, D. C. On November 16, 1945, the Director of the Bureau of the Census addressed a letter to the plaintiff notifying him that on December 17, 1945, he would be removed for cause with a right to appeal to the Civil Service Commission. The letter set forth *787 three very general charges indicating lack of cooperation between the plaintiff and unspecified Bureau officials. On November 20,1945, copies of the above letter by the Director of the Bureau of the Census were transmitted to the Director of Personnel of the Department of Commerce for approval by that office. Apparently a copy of the Bureau’s letter of November 16 to the plaintiff was returned to the Bureau of the Census with an approval notation signed by the Director of Personnel for the Department of Commerce. On December 3 the plaintiff wrote to the Director of the Bureau of the Census advising him that the Civil Service Commission had stated that it could not take jurisdiction of an appeal under section 14 of the Veterans Preference Act until the proposed removal action had been completed by the employing agency and that, accordingly, the only thing that plaintiff could do in connection with the proposed removal notice was to point out to the Bureau that in his opinion the statement of charges failed to carry out the provisions of section 14 of the Veterans Preference Act in that it did not state “specifically and in detail” the reasons for the proposed removal action. Plaintiff noted that the three charges upon which the proposed removal action was based were merely general criticisms and that, accordingly, the Bureau’s letter of November 16,1945, did not amount to the 30-day advance written notice required by the statute. On December 6, 1945, the Director of the Bureau of the Census wrote to the plaintiff and stated that he was quite sure plaintiff was well aware of the specific reasons for his removal but that “in order to insure that there may be no question about the matter” he was amending the charges contained in the letter of November 16 and giving plaintiff a chance to answer them. He stated that the new proposed removal action would become effective on January 6, 1946, 30 days from the date of the letter in question containing the amended charges. The amended letter of charges did contain specifications supporting each of the three charges and it was forwarded to the plaintiff with the letter of December 6, 1945.
On December 31, 1945, the plaintiff sent to the Director of the Bureau of the Census detailed answers to such of the charges as he felt were made in sufficient detail to be answer *788 able. Also on December 31, the plaintiff directed a letter to the Secretary of Commerce calling attention to the proposed removal action initiated by the Director of the Bureau of the Census and requesting that a postponement of that removal action be granted pending consideration by the Department of Commerce of the facts of his case. Plaintiff pointed out that he had served for 22 years in the United States military and civil services and he asked that the Secretary designate a committee of three disinterested persons to make a proper investigation of his case.
On January 4, 1946, before plaintiff had received any response to his letter of December 31,1945, to the Secretary of Commerce, the Director of the Bureau of the Census wrote to plaintiff stating that the Bureau had carefully reviewed the statements submitted by plaintiff in reply to the charges and specifications set forth in the Director’s letter of December 6, 1945, as a basis for plaintiff’s removal, and that in the opinion of the Bureau all of the charges and specifications except specification 3 under charge 3 were in proper form and were supported by the evidence; that no basis had been established for setting aside the removal action, and that accordingly plaintiff would be removed from his position in the Bureau of the Census effective at the close of business January 6,1946. The letter advised plaintiff of his right to appeal the removal action within 30 days to the Civil Service Commission.
On January 14, 1946, the Director of Personnel for the Department of Commerce acknowledged plaintiff’s letter to the Secretary of December 31, 1945, and suggested that plaintiff come in to see the writer in connection with the requested investigation of his removal by the Bureau of the Census. On January 23, 1946, following a conference between plaintiff and the Director of Personnel of the Department of Commerce, plaintiff wrote to the Department of Commerce and made formal request for an investigation by the Department of the reasons for his separation from the Bureau of the Census, this investigation to be made under the grievance procedures established for such purposes by the Department of Commerce. In accordance with those procedures, plaintiff designated one person to serve with two *789 others to be selected by the employing agency. On February 19, 1946, plaintiff was advised by the Director of Personnel of the Department of Commerce that a hearing to investigate the charges would be conducted on February 25, 1946. The hearing was actually held on February 26,27, and March 4, 1946, before a three-member board. Plaintiff appeared and was represented by counsel, and the Bureau of the Census, through its designated officials, presented its case in accordance with the amended charges and specifications of December 6, 1945.
In the meantime, on February 4,1946, plaintiff had again written to the chief law officer of the United States Civil Service Commission advising that officer that he had now received an official notice of separation effective January 6, 1946, based on amended charges; that plaintiff had requested the Secretary of Commerce to order an investigation into the reasons for the removal; that in a conference with the Director of Personnel for the Department of Commerce on January 18, 1946, plaintiff had been advised that the Secretary of Commerce had not delegated to the Director of the Bureau of the Census authority to remove personnel for cause, and that plaintiff would therefore be carried on leave without pay or suspension until a final determination could be made by the Secretary of Commerce, and that an investigation of the facts would be made by the Department before any final adverse action was taken by the Secretary. Plaintiff noted that he had received no written confirmation of the Personnel Director’s verbal assurances and advice, and that to date the Bureau’s letter of dismissal had not been countermanded. Plaintiff accordingly stated that in order to protect his rights, he was making a formal appeal under section 14 of the Veterans Preference Act against the possibility that the Bureau’s letter of dismissal might later be considered authoritative. The plaintiff suggested that in view of the verbal assurances of the Director of Personnel of the Department of Commerce that the Director of the Census Bureau did not have authority to separate plaintiff for cause, and that an investigation would be made at the departmental level before final administrative adverse action would take place, the Commission might wish to defer fur *790 ther action on Ms appeal until the Department had an opportunity to act. On February 7, 1946, the chief law officer of the Civil Service Commission acknowledged receipt of plaintiff’s appeal under section 14 of the Veterans Preference Act and stated that in accordance with plaintiff’s suggestion, the Commission would hold his appeal in abeyance pending further advice from plaintiff.
On March 25, 1946, the three-member board of investigation which held the hearings on the appeal of the plaintiff in February and March as noted above, wrote to the Director of Personnel of the Department of Commerce. The letter stated that in the opinion of the Board the evidence presented by the Bureau of the Census in support of its charges against plaintiff did not support any of the charges made, and the Board recommended that plaintiff be exonerated of all charges.
Precisely what action was taken in connection with the recommendation of the special committee or board which investigated the reasons for plaintiff’s removal from the Bureau of the Census is not clear from the record before the court. Defendant has submitted an affidavit dated November 15, 1957, by a John Samuel Myers, Assistant Director of Personnel, United States Department of Commerce, in which Mr. Myers stated that plaintiff was removed from his position with the Bureau of the Census on January 6,1946; that plaintiff was never subsequently reinstated in that or any other position in the Bureau of the Census; and that a search of the records of the Department of Commerce had failed to reveal any indication that the Secretary of Commerce ever acted on the recommendations of the investigating committee which investigated the removal of plaintiff from the Bureau of the Census in January 1946. It would appear, however, that plaintiff must not have been considered validly removed from his position with the Bureau of Census because, on May 22,1946, there was issued to the plaintiff an intra-agency transfer from his position in the Bureau of the Census to a position of the same grade in the Department of Commerce. Subsequently, on November 10, 1947, the Department of Commerce issued an amended notification of personnel action purporting to change the personnel action of May 22, 1946, *791 designated “Intra-Agency Transfer” to a personnel, action characterized as “Reinstatement.” Under an item on the form labeled “Remarks” the following statement appears:
This “Reinstatement” action is taken after a special Committee designated by the Department determined that the charges upon which Mr. Newman’s removal from the Census Bureau (recorded on Notification of Personnel Action dated January 4,1946) was based, were not supported by the evidence, and this action is intended to clarify his record accordingly.
A copy of the amended personnel action was transmitted to plaintiff on November 14, 1947. On December 5, 1947, the chief examiner for the Civil Service Commission wrote to the Director of Personnel of the Department of Commerce suggesting that the various personnel actions in connection with Mr. Newman’s removal, transfer and reinstatement had all been taken in an irregular manner and an explanation was requested. On December 15, 1947, the Acting Director of Personnel of the Department of Commerce wrote to the chief examiner of the Civil Service Commission and stated that the removal of the plaintiff, effective on January 6, 1946, had not been canceled; that the intra-agency transfer effected on May 22, 1946, from the Census Bureau to the Department of Commerce had been erroneous; that the plaintiff should have been reinstated under section 3, Temporary Civil Service Regulation IX; and that an amended notification of personnel action to correct the error had been prepared on November 10, 1947. On December 22, 1947, the chief examiner of the Civil Service Commission wrote to the Acting Director of Personnel in the Department of Commerce acknowledging receipt of the amended notification of personnel action dated November 10, 1947, and stating that the document had been placed in the Civil Service files and that plaintiff’s reinstatement would not be further questioned. The letter called the attention of the Department of Commerce to section 7.103 (3) of the Civil Service Regulations requiring the Commission’s approval in the case of a person removed for cause from his last position. The letter closed with the following statement:
No doubt the Commission’s Investigations Division would have approved the reinstatement in view of the *792 Department’s statement, which was decided some months after the reinstatement but you are requested to follow the procedure indicated in future cases.
As a result of the above events, plaintiff received no pay from January G, 1946, to May 22, 1946. He urges that he is entitled to recover the pay in question on the ground that his removal was carried out in violation of a valid departmental regulation requiring that dismissals for cause of employees in the Bureau of the Census must be processed through the Department of Commerce. The departmental regulation in question was known as Administrative Order No. 318 issued by the Secretary of Commerce on August 25, 1944, and providing in pertinent part as follows:
The Director of the Bureau of the Census is hereby authorized and directed to administer and conduct all personnel actions, except those involving position classification, retirement, meritorious promotions under the Mead-Ramspeck Act, and dismissals for cause, which will be submitted to the Department for processing i/n the regular manner. [Italics supplied.]
The balance of the regulation provides for the type of form to be used by the Director of the Bureau of the Census in administering and conducting all those personnel actions which under the regulation he was authorized to administer and conduct. Even in the case of such latter personnel actions, however, the form to be used, when filled out, had to be submitted to the Department for approval by the Secretary of Commerce. In connection with plaintiff’s removal, the form specified in Regulation 318 of the Department of Commerce for personnel actions other than removals for cause, was used, and the approval of the Department of Commerce was indicated thereon. This procedure was obviously in error since the regulation did not authorize the Bureau to take the action which it took in plaintiff’s case and the form used in taking such action was not for the purpose of dismissals of Bureau personnel for cause.
The defendant states that all of the procedural requirements of section 14 of the Veterans Preference Act were complied with in connection with the removal of plaintiff from the Bureau of the Census on January 6,1946, and that *793 since plaintiff was never restored to duty on the ground that his separation was unjustified or unwarranted, and since the restoration, if any, was prior to June 10, 1948 (the date on which section 6 of the Lloyd-LaFollette Act was amended, 62 Stat. 354), there exists no statutory basis for plaintiff’s recovery of back pay. .We are of the opinion that the arguments advanced by the Government and the cases cited in support thereof (Lezin v. United States, 120 C. Cls. 724; Ginn v. United States, 110 C. Cls. 637) are inapposite under the pleadings and facts in this case. Plaintiff is not claiming that his discharge on January 6 was violative of section 14 of the Veterans Preference Act. Plaintiff’s claim is that he was discharged in violation of a valid regulation of an executive department and that on account of such violation plaintiff has a claim arising under the regulation of an executive department within the meaning of section 1491 of the Tucker Act. The binding force and effect of regulations of an executive department affecting Government personnel and the right of an employee to corrective action following violations of such regulations has been upheld by the Supreme Court in the case of Service v. Dulles, 354 U. S. 363. In that case the plaintiff sought a declaratory judgment in the District Court that his discharge from the Department of State was invalid because it was carried out in violation of two regulations promulgated by the Department of State. The regulations in question were promulgated pursuant to executive orders which in turn were promulgated pursuant to very general authority contained in the Civil Service Act of 1883, 22 Stat. 403, and section 9 of the Act of August 2, 1939. The two regulations imposed numerous specific restrictions on the right of the Secretary of State to discharge employees of his agency for loyalty and security reasons. None of the restrictions and procedures imposed upon the Secretary by the regulations were contained in either of the enabling acts. Despite the fact that the Secretary of State had authority under a specific statute known as the Mc-Carran Eider (Sec. 103, P. L. 188, 82d Cong., 65 Stat. 581) to terminate summarily the employment of any State .Department employee whenever, in his absolute discretion the Secretary might determine such termination necessary .or *794 advisable, the Supreme Court held that while the departmental regulation in question remained in full force and effect and imposed limitations on the absolute discretion otherwise vested in the Secretary under the McCarran Eider, the Secretary was obliged to abide by his own regulations and that discharges carried out in violation of those regulations were invalid. The rationale of the Service decision has been applied by this court in its recent decision in the case of Watson v. United States, 142 C. Cls. 749. The decision was rendered after the Supreme Court had granted plaintiff’s petition for a writ of certiorari, had vacated the judgment of this court adverse to plaintiff (137 C. Cls. 557, 581), and had remanded the case to this court for reconsideration of our holding in the light of the decision of the Supreme Court in Service v. Dulles, supra. In the decision of June 4, 1958, the majority of the court held that the departmental regulations which were violated in connection with the discharge of the plaintiff, Miss Watson, had the force and effect of law and that she had stated a valid claim arising under a regulation of an executive department.
Plaintiff’s right to recover pay lost through a violation of a valid and subsisting departmental regulation of the Department of Commerce does not depend, as defendant seems to suggest, upon his reinstatement to the position from which he was invalidly removed. Actually, plaintiff was reinstated after the Department of Commerce determined that no basis existed for plaintiff’s removal by the Bureau of the Census, but plaintiff does not rely on such reinstatement as a basis for recovery. We conclude that plaintiff is entitled to recover the pay lost during the period of his improper separation from January 6,1946, to May 22,1946.[1]
The balance of plaintiff’s claim relates to pay lost in con- *795 neetion with, an alleged illegal furlough without pay and a subsequent alleged illegal reduction in grade in 1947.
On June 30,1947, the plaintiff was advised by the Director of the Office of Domestic Commerce, in which office plaintiff was then employed, that a proposed reduction in force in the Department of Commerce was going to affect the competitive level in which plaintiff’s position was located, and that since plaintiff was the next employee in the level to be reached, it was necessary to give him a reduction in force notice effective July 30, 1947, which would be his last day in duty status. Plaintiff was asked to fill out a Form 57 and file it with the department placement officer who would inform plaintiff about any possible transfer or reassignment. On July 29,1947, plaintiff appealed from the proposed separation by reduction in force to the United States Civil Service Commission. Specifically, plaintiff called attention to the fact that under Civil Service Eegulations, section 20.10, he was entitled to one-year’s written notice of which at least 30 days should be in an active duty status and the remainder in a nonduty status, with pay for the duration of leave, if any, or leave without pay if no leave had been earned. Plaintiff also called attention to section 20.09 (d) providing that no employee in his subgroup A-l with competitive status, might be separated or furloughed in a reduction in force if there was a position subject to the Civil Service Act in the Department in any other competitive area or competitive level within the geographic area which might be expected to continue for one year or more, not filled by another employee in Subgroup A-l, and which the plaintiff could fill without undue interruption to the activity involved. Plaintiff noted that the reduction in force notice had stated that July 30 would be his last day of duty and that the notice contained no offer of reassignment, notwithstanding the fact that many positions to which he might properly be* reassigned or transferred were available or could be made available within the Department of Commerce. On July 30, 1947, the Director of the Office of Domestic Commerce notified plaintiff that his reduction in force notice was amended to change his separation date to August 29,1947, and to show that his status until separation would be furlough without *796 pay. On September 3, 1947, the Civil Service Commission wrote to the Director of Personnel of the Department of Commerce in connection with the plaintiff’s appeal from his notice of separation by reduction in force. The Civil Service Commission advised the personnel director of the Department of Commerce that an examination of the records covering plaintiff’s separation disclosed that there had been a violation of the retention preference regulations in that no offer of another position had been made to the plaintiff who was in Subgroup A-l with 24 retention credits. The letter, in pertinent part, stated:
On the basis of his training and experience he is considered qualified for the following positions all of which are held by employees in lower retention subgroups:
Series 120-P-6-35
Series 120-P-6-44
In view of the above Mr. Newman’s separation is disapproved and this letter is your authority to take appropriate corrective action. Please advise the Commission within 15 days of the date of receipt of this letter concerning the action taken in Mr. Newman’s case.
On the same date an official of the Civil Service Commission wrote to plaintiff in connection with his appeal and stated that it had been determined that the retention preference regulations had been violated because positions for which plaintiff was considered qualified and which were then held by employees in lower retention subgroups in the Department of Commerce had not been offered to plaintiff. Plaintiff was notified that his separation had been disapproved and that the Department of Commerce was required to take appropriate corrective action. On September 5, 1947, the Director of Personnel of the Department of Commerce replied to the letter of September 3, 1947, from the Civil Service Commission, and stated that the Department recognized the fact that plaintiff was entitled to reassignment as a “status employee” and that his case was pending before the Department of Commerce Assignment Board. The letter stated that plaintiff’s reassignment would be made prior to the first 60 days of nonduty status as required by paragraph (d) of section 9 of Civil Service Kegulation 20. *797 On September 15, 1947, tbe Acting Secretary of Commerce directed a memorandum to tbe Acting Director of tbe Office of Domestic Commerce stating tbat tbe Personnel Assignment Board bad recommended tbat tbe plaintiff: be considered for one of the P-5 positions in the Office of Domestic Commerce then occupied by employees with war service appointments. The Acting Secretary stated tbat he had approved the assignment board’s recommendation and tbat the plaintiff should be placed in one of the positions within 30 days of September 15,1947.
On September 22, 1947, tbe plaintiff accepted the offer of reassignment to the P-5 posiiton. Tbe offer had been made on September 18, 1947, by the personnel operations officer of the Department of Commerce and it was stated in the offer that in accordance with the reduction in force regulations requiring that plaintiff be given an opportunity to transfer or be reassigned within the Department, a search had been made for positions for which plaintiff was qualified. The letter then stated that “the reasonable offer” which the Department was able to make was the position of economic analyst at Grade P-5 in the Office of Domestic Commerce, Marketing Division. Plaintiff indicated his acceptance in the designated place on the letter of offer.
Plaintiff was never advised by the Civil Service Commission nor by the Department of Commerce that there were actually available two P-6 positions for which plaintiff was qualified and which were then held by employees in lower retention subgroups than that occupied by plaintiff. It was not until after plaintiff had filed his petition in this court that he learned that the Civil Service Commission had notified the Department of Commerce that two P-6 positions had been in existence in the Department for' which plaintiff was qualified. This information came to plaintiff’s attention after plaintiff’s petition had been filed and the Department of Justice had made the departmental files available to plaintiff through his attorney. Plaintiff’s petition claims only the pay lost through the irregular furlough for more than 30 days contrary to the provisions of section 14 of the Veterans Preference Act, that is, from July 31, 1947, to October 15,1947. In connection with plaintiff’s cross motion *798 for summary judgment, plaintiff asks that his petition be deemed amended to include a claim for the difference in pay between the Grade P-6 position which was available to him through reassignment and to which he was entitled, and the Grade P-5 position to which he was illegally assigned on October 15,1947, to conform to the facts over which there is no dispute. Rule 18 (b).
The defendant suggests that plaintiff should have discovered the existence of the P-6 positions noted by the Civil Service Commission and made application for them. The regulation in question, and the Veterans Preference Act, do not require that such application be made. Section 12 of the Veterans Preference Act provides that a preference eligible whose efficiency rating is good or better must be retained in preference to all other competing employees. The applicable Civil Service regulations, 20.09 (d), provides that a Veterans Preference Act eligible in Subgroup A-l may not be reduced in force if there is a position which might reasonably be expected to continue for one year not filled by another employee in Subgroup A-l. Section 20.09 (f) provides that in all actions relative to offers of reassignment, consideration should be given to the interests of the Government service and to the interests of the employees involved. The regulation states that every possible adjustment should be made to retain without reduction in ranlc or compensation and without disturbance of residence, “those employees entitled to reassigmnent in lieu of separation, even though some interruptions to normal work operations may occur.” The regulations goes on to provide that in general no offer of reassignment involving a reduction in grade or compensation will be deemed “reasonable” if there is a position which does not require a reduction in grade or compensation. The regulation provides that any employee affected adversely by a reassignment decision must be given a full explanation of the reasons for the decision for the purpose of appeal to the Civil Service Commission for review of the agency action.
It appears that the Department of Commerce violated the Veterans Preference Act and the Civil Service Regulations when it failed to offer plaintiff reassignment to the P-6 positions called to its attention by the Civil Service Com *799 mission, or to give a full explanation to the plaintiff of its reasons for not offering him the P-6 positions and instead offering him a position in the reduced grade of P-5. It further appears that plaintiff was entitled to rely on the statement made by the Department of Commerce in its letter of September 18, 1947, that “a search has been made for positions for which you are qualified” and the further statement that “the reasonable offer which the Department of Commerce can make” was the position of economic analyst at Grade P-5. The letter made no mention of plaintiff’s right to appeal from the offer of a reduced grade but merely stated that if no reply had been received from plaintiff to accept or reject the offer by September 22,1947, the Department would assume that plaintiff had decided not to accept the offer and the notice of the offer would constitute plaintiff’s notice of termination of active service by reduction in force effective September 80,1947. In view of the undisputed facts of record in connection with plaintiff’s reduction in grade from P-6 to P-5, we are of .the opinion that the reduction was in violation of the Veterans Preference Act and Civil Service Kegulations. We also are of the opinion that under the circumstances plaintiff is not estopped from making the claim for the lost pay because of his failure to appeal to the Civil Service Commission. We conclude that plaintiff is entitled to recover the difference in pay of the two grades from September 15, 1947, to November 30, 1950, the date of his retirement from Government service, and his petition is deemed amended to state such a claim.
With respect to plaintiff’s claim for loss of salary during the alleged illegal furlough from July 31, 1947, to October 15, 1947, defendant points out that under Eegulation 20.09 (d), offers of reassignment of status employees in Subgroup A-l are only required to be made prior to the expiration of the first 60 days of nonduty status. Inasmuch as there appear to have been positions in plaintiff’s grade which were immediately available for reassignment to plaintiff at the time of the proposed reduction in force, the placing of plaintiff in a nonduty status without pay on July 31, 1947, was in violation of both section 12 of the Veterans Preference Act and the applicable Civil Service Eegulations. Although *800 the reduction in force notice of June 30, 1947, stating that plaintiff would be separated on July 30, 1947, was amended to change plaintiff’s separation date to August 29,1947, and was later changed to a transfer of plaintiff to another position in the agency, both changes having been made because the proposed reduction in force was found to be illegal, the Department continued to carry plaintiff in a furlough without pay status from the date of the first illegal separation by reduction in force, i. e., July 31,1947, to the date on which plaintiff was finally reassigned to a position in the Department on October 15, 1947. If the Department had complied with the Veterans Preference Act and the Civil Service Regulations in the first place in connection with the reduction in force going on in the Department of Commerce in the summer of 1947, plaintiff would have been offered and assigned to one of the two P-6 positions, or if the Department determined such offer could not reasonably be made, then to one of the P-5 positions actually offered to plaintiff, and there would have been no occasion to notify plaintiff of the proposed reduction in force or to have placed him in a non-duty and nonpay status for any period. We are of the opinion that plaintiff is entitled to recover the salary lost for the period from July 31, 1947, to October 15, 1947. Adler v. United States, 129 C. Cls. 150; Kirby v. United States, 140 C. Cls. 92.
The defendant’s motion for summary judgment is denied. Plaintiff’s motion for summary judgment is granted. The amount of plaintiff’s recovery will be determined pursuant to Rule 38 (c) of the rules of this court.
It is so ordered.
Jones, Chief Judge, concurs.

 In connection with plaintiff’s first claim we note that Department of Commerce Regulation No. 318 is not given as a ground for recovery in plaintiff’s petition. However, the regulation has been brought into the case in connection with the motions of both parties for summary judgment, and the validity of plaintiff’s discharge in the light of that regulation has been argued and briefed by both parties. The petition does allege that plaintiff’s discharge on January 6, 1946, was. carried out by the Director of the Bureau of the Census in an illegal manner. Under the circumstances, we deem the petition to be amended to state a claim that Departmental Order No. 318 was violated in connection with plaintiff’s removal on January 6, 1946. Rule 18 (b).